FILED
CLERK, U.S. DISTRICT COURT
JUL - 8 2008
CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

YOLANDA Z. LOPEZ,                 )   No. EDCV 07-0045-RC
                                  )
        Plaintiff,                )
                                  )   OPINION AND ORDER
    v.                            )
                                  )
MICHAEL J. ASTRUE,[1]             )
Commissioner of Social Security,  )
                                  )
        Defendant.                )
_____)

Plaintiff Yolanda Z. Lopez filed a complaint on January 9, 2007, seeking review of the Commissioner's decision denying her application for disability benefits. The Commissioner answered the complaint on July 6, 2007, and the parties filed a joint stipulation on September 18, 2007.

//
//
//
//

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), Michael J. Astrue is substituted as the defendant in the action.

## BACKGROUND

### I

On October 5, 2004 (protective filing date), plaintiff applied for disability benefits under the Supplemental Security Income program ("SSI") of Title XVI of the Social Security Act ("Act"), 42 U.S.C. § 1382(a), claiming an inability to work since September 21, 2004,[2] due to back problems. Certified Administrative Record ("A.R.") 69-73, 86, 198-99, 201. The plaintiff's application was denied initially on November 12, 2004, and was denied again on February 11, 2005, following reconsideration. A.R. 36-40, 45-52. Then plaintiff requested an administrative hearing, which was held on July 25, 2006, before Administrative Law Judge Joseph D. Schloss ("the ALJ"). A.R. 53-54, 196-216. On September 1, 2006, the ALJ issued a decision finding plaintiff is not disabled. A.R. 9-18. The plaintiff appealed this decision to the Appeals Council, which denied review on November 13, 2006. A.R. 4-8.

### II

The plaintiff, who was born on September 9, 1949, is currently 58 years old. A.R. 67, 69. She received a high school education in Mexico, and has previously worked as an assembler, packer, and machinist. A.R. 78-85, 200.

Since at least September 4, 2003, plaintiff has received treatment at the Riverside County Regional Medical Center ("RCRMC"),

---

[2] Although plaintiff initially claimed disability as of August 29, 2001, the onset date was modified at the administrative hearing to September 21, 2004. A.R. 69, 198-99.

where she has been diagnosed with degenerative disc disease and hypertension, among other conditions. A.R. 114-42, 144-63, 175-95. Lumbar spine x-rays obtained on September 5, 2003, revealed severe degenerative narrowing at L5-S1 with the suggestion of a vacuum disc at this level, anterior and posterior osteophytes at L5,[3] small anterior osteophytes at L1 through L4, and narrowing at the L3-L4 disc level. A.R. 142. A lumbar spine MRI performed on May 25, 2004, revealed: moderate to severe disc collapse at L5-S1 and a 4-mm. left posterolateral/parasagital disc protrusion, which contours and encroaches upon the left S1 nerve root; a 2- to 3-mm. diffuse dorsal annular bulge at L2-L3 with marked hypertrophy[4] of the facets bilaterally; the nerve roots are free within the confines of the thecal sac; and a benign fat island is present at L2. A.R. 136-37. On September 29, 2004, plaintiff's treating physician opined she was unable to perform her regular duties until February 28, 2005, since pain interfered with her daily activities. A.R. 116-17. On November 18, December 2, and December 16, 2004, plaintiff had lumbar epidural steroid injections to treat her lumbar radiculopathy.[5] A.R. 193-95.

//
//

---

[3] An osteophyte is "a bony excrescence or osseous outgrowth." Dorland's Illustrated Medical Dictionary, 1290 (29th ed. 2000).

[4] Hypertrophy is "the enlargement or overgrowth of an organ or part due to an increase in size of its constituent cells." Dorland's Illustrated Medical Dictionary at 859.

[5] Radiculopathy is "disease of the nerve roots." Dorland's Illustrated Medical Dictionary at 1511.

On August 2, 2004, plaintiff tested positive for hepatitis A.[6] A.R. 134-35. An abdominal ultrasound performed November 3, 2005, revealed increased echogenicity in the liver compatible with chronic liver disease. A.R. 183.

On November 20, 2004, George G. Spellman, M.D., a nonexamining physician, opined plaintiff can occasionally lift and/or carry 20 pounds, climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, frequently lift and/or carry 10 pounds, sit, stand and/or walk for about 6 hours in an 8-hour day, and can never climb ladders, ropes and scaffolds. A.R. 164-71. Dr. Spellman also found "[t]he severity or duration of the [plaintiff's] symptom(s) . . . is disproportionate to the expected severity or . . . duration on the basis of the [plaintiff's] medically determinable impairments." A.R. 169. Stuart Brodsky, D.O., a nonexamining physician, reaffirmed this assessment on February 10, 2005. A.R. 171.

**DISCUSSION**

**III**

The Court, pursuant to 42 U.S.C. § 405(g), has the authority to review the Commissioner's decision denying plaintiff disability benefits to determine if his findings are supported by substantial evidence and whether the Commissioner used the proper legal standards

---

[6] Hepatitis A is "a self-limited viral disease of worldwide distribution caused by the hepatitis A virus, which is more prevalent in areas of poor hygiene and low socioeconomic standards. . . . Most cases are clinically inapparent or have mild flulike symptoms; jaundice, if present, is usually mild. . . ." Dorland's Illustrated Medical Dictionary at 807-08.

in reaching his decision. <u>Lingenfelter v. Astrue</u>, 504 F.3d 1028, 1035 (9th Cir. 2007); <u>Hoopai v. Astrue</u>, 499 F.3d 1071, 1074 (9th Cir. 2007).

The claimant is "disabled" for the purpose of receiving benefits under the Act if she is unable to engage in any substantial gainful activity due to an impairment which has lasted, or is expected to last, for a continuous period of at least twelve months. 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a). "The claimant bears the burden of establishing a prima facie case of disability." <u>Roberts v. Shalala</u>, 66 F.3d 179, 182 (9th Cir. 1995), <u>cert. denied</u>, 517 U.S. 1122 (1996); <u>Smolen v. Chater</u>, 80 F.3d 1273, 1289 (9th Cir. 1996).

The Commissioner has promulgated regulations establishing a five-step sequential evaluation process for the ALJ to follow in a disability case. 20 C.F.R. § 416.920. In the **First Step**, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). If not, in the **Second Step**, the ALJ must determine whether the claimant has a severe impairment or combination of impairments significantly limiting her from performing basic work activities. 20 C.F.R. § 416.920(c). If so, in the **Third Step**, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or equals the requirements of the Listing of Impairments ("Listing"), 20 C.F.R. § 404, Subpart P, App. 1. 20 C.F.R. § 416.920(d). If not, in the **Fourth Step**, the ALJ must determine whether the claimant has sufficient residual functional capacity despite the impairment or various limitations to perform her past work. 20 C.F.R. § 416.920(f).

If not, in **Step Five**, the burden shifts to the Commissioner to show the claimant can perform other work that exists in significant numbers in the national economy. 20 C.F.R. § 416.920(g).

Applying the five-step sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since her alleged onset date. (Step One). The ALJ then found plaintiff has degenerative disc disease, which is a severe impairment (Step Two); however, she does not have an impairment or combination of impairments that meets or equals a Listing. (Step Three). The ALJ next determined plaintiff is able to perform her past relevant work as a furniture assembler and packer of small items; therefore, she is not disabled. (Step Four).

**IV**

A claimant's residual functional capacity ("RFC") is what she can still do despite her physical, mental, nonexertional, and other limitations. Mayes v. Massanari, 276 F.3d 453, 460 (9th Cir. 2001); Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). Here, the ALJ found plaintiff retains the RFC to: lift and/or carry 20 pounds occasionally and 10 pounds frequently; she can occasionally climb, balance, stoop, kneel, crouch and crawl; and she can sit, stand or walk for 6 hours in an 8-hour day, with an option to change positions at will. A.R. 16. However, plaintiff contends the ALJ's decision is not supported by substantial evidence because the ALJ erroneously concluded she was not a credible witness and failed to properly consider the effects of her hepatitis A and chronic liver disease.

At the administrative hearing, plaintiff testified she stopped working in 2001 because her back and legs started hurting a lot. A.R. 202-03. She stated she cannot work because she has constant back and leg pain, as well as left leg numbness, a pain in her neck when she sits down, and swelling in the joints of her hands. A.R. 203-06. The plaintiff also testified that she cannot stand or sit down for long periods of time because of her pain, she cannot put pressure on her hands, and she spends her day lying down with hot pads, taking pain medication, and sleeping. A.R. 204-06. Before the administrative hearing, plaintiff reported her pain increases if she walks one half a block or stands for 20 minutes, she cannot lift anything, and she has extreme difficulty bending down and requires help to tie her shoes. A.R. 90, 97, 104, 178.

Once a claimant has presented objective evidence she suffers from an impairment that could cause pain or other nonexertional limitations, the ALJ may not discredit the claimant's testimony "solely because the degree of pain alleged by the claimant is not supported by objective medical evidence." Bunnell v. Sullivan, 947 F.2d 341, 347 (9th Cir. 1991) (en banc); Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004). Thus, if the ALJ finds the claimant's subjective complaints are not credible, he "'must provide specific, cogent reasons for the disbelief.'" Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006) (citations omitted); Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007). Furthermore, if there is medical evidence establishing an objective basis for some degree of pain and related symptoms, and no evidence affirmatively suggesting the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony

must be "clear and convincing." Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999); Parra v. Astrue, 481 F.3d 742, 750 (9th Cir. 2007), cert. denied, 128 S. Ct. 1068 (2008).

Here, the ALJ assessed plaintiff's credibility by stating:

> After considering the evidence of record, the undersigned finds that the [plaintiff's] medically determinable impairment could reasonably be expected to produce the alleged symptoms, but that the [plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible. . . . On February 10, 2005, Stuart A. Brodsky, D.O., a State Agency medical consultant stated the claimant appeared partially credible. The findings did not support the allegations to a complete level of disability.

A.R. 17. However, this conclusory statement is insufficient as a matter of law. Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Morgan, 169 F.3d at 599; see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) ("'General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.'" (quoting Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995))). Indeed, even a finding that the claimant's symptoms are not supported by objective medical evidence cannot be the basis for disregarding a claimant's pain testimony. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006); see also Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001) ("The

fact that a claimant's testimony is not fully corroborated by the objective medical findings, in and of itself, is not a clear and convincing reason for rejecting it."); Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986) ("It is improper as a matter of law to discredit excess pain testimony solely on the ground that it is not fully corroborated by objective medical findings.").

Moreover, although the Commissioner now suggests other reasons for the ALJ's adverse credibility determination, the ALJ did not discuss these other reasons, and this Court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001); Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006); see also Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (court erred in affirming ALJ's credibility determination based on court's independent findings). Thus, although the ALJ summarized plaintiff's administrative hearing testimony, he made no finding relating or comparing that testimony to plaintiff's symptoms or alleged pain, and no inference can be drawn from his summary. See Orn, 495 F.3d at 639 ("The ALJ must make 'specific findings relating to activities and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination."); Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990) (ALJ erred in failing to "'fully articulate reasons for refusing to credit'" claimant's subjective pain testimony; although ALJ cited claimant's daily activities, he "did not specifically link the testimony about [claimant's] daily activity to a conclusion that [claimant's] excess pain testimony lacked credibility").

Since "the ALJ provided unsatisfactory reasons for discounting [plaintiff's] credibility, . . . his findings were unsupported by substantial evidence based on the record as a whole." Reddick, 157 F.3d at 724. Similarly, "[b]ecause the ALJ did not provide clear and convincing reasons for excluding [plaintiff's] pain and symptoms from his assessment of [plaintiff's] RFC, substantial evidence does not support the assessment[;]" "[n]or does substantial evidence support the ALJ's step-[four] determination, since it was based on this erroneous RFC assessment." Lingenfelter, 504 F.3d at 1040-41.

V

When the Commissioner's decision is not supported by substantial evidence, the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002). "Generally when a court . . . reverses an administrative determination, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted); Moisa, 367 F.3d at 886. Here, since there are "insufficient findings as to whether [plaintiff's] testimony should be credited as true," remand is the appropriate remedy.[7]

//
//
//

---

[7] Having reached this conclusion, the Court need not consider plaintiff's other claim, which would not afford plaintiff greater relief than herein granted.

10

1 Connett, 340 F.3d at 876; Bunnell v. Barnhart, 336 F.3d 1112, 1116
2 (9th Cir. 2003).

**ORDER**

IT IS ORDERED that: (1) plaintiff's request for relief is granted; and (2) the Commissioner's decision is reversed, and the action is remanded to the Social Security Administration for further proceedings consistent with this Opinion and Order, pursuant to sentence four of 42 U.S.C. § 405(g), and Judgment shall be entered accordingly.

DATE: July 8, 2008

ROSALYN M. CHAPMAN
UNITED STATES MAGISTRATE JUDGE

R&R-MDO\07-0045.mdo
7/8/08